Exhibit 1

1 | **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
2 | Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
3 | 2255 Calle Clara
La Jolla, CA 92037
4 | Telephone: (858)551-1223
Facsimile: (858) 551-1232
5 | Website: www.bamlawca.com

6 | Attorneys for Plaintiff

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 3 1 2019

D. Williams

BA 2

JUN 03 2019

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 | **IN AND FOR THE COUNTY OF RIVERSIDE**

9

**RIC 1903150**

10 | CHRISTINA EPSTEIN, an individual, on
behalf of herself, and on behalf of all persons
11 | similarly situated,

12 | Plaintiff,

13 | vs.

14 | WALGREEN PHARMACY SERVICES
MIDWEST, LLC, a Limited Liability
15 | Company; WALGREEN CO., a Corporation;
and Does 1 through 50, Inclusive,
16

17 | Defendants.

Case No._____
**CLASS ACTION COMPLAINT FOR:**
1. UNFAIR COMPETITION IN VIOLATION
OF CAL. BUS. & PROF. CODE §§ 17200, *et
seq.*;
2. FAILURE TO PAY MINIMUM WAGES
IN VIOLATION OF CAL. LAB. CODE §§
1194, 1197 & 1197.1;
3. FAILURE TO PAY OVERTIME WAGES
IN VIOLATION OF CAL. LAB. CODE §§
510, *et seq.*;
4. FAILURE TO PROVIDE REQUIRED
MEAL PERIODS IN VIOLATION OF CAL.
LAB. CODE §§ 226.7 & 512 AND THE
APPLICABLE IWC WAGE ORDER;
5. FAILURE TO PROVIDE REQUIRED
REST PERIODS IN VIOLATION OF CAL.
LAB. CODE §§ 226.7 & 512 AND THE
APPLICABLE IWC WAGE ORDER;
6. FAILURE TO REIMBURSE EMPLOYEES
FOR REQUIRED EXPENSES IN
VIOLATION OF CAL. LAB. CODE § 2802;
7. FAILURE TO PROVIDE ACCURATE
ITEMIZED STATEMENTS IN VIOLATION
OF CAL. LAB. CODE § 226; and,
8. FAILURE TO PROVIDE WAGES WHEN
DUE IN VIOLATION OF CAL. LAB. CODE
§§ 201, 202 AND 203.

**DEMAND FOR A JURY TRIAL**

BY FAX

1
CLASS ACTION COMPLAINT

Plaintiff Christina Epstein ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees, alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.  Defendant Walgreen Pharmacy Services Midwest, LLC is a Limited Liability Company and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.  Defendant Walgreen Pharmacy Services Midwest, LLC is a Limited Liability Company and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

3.  Defendants Walgreen Pharmacy Services Midwest, LLC and Walgreen Co., were the joint employers of PLAINTIFF as evidenced by payroll and by the company PLAINTIFF performed work for respectively, and are therefore jointly responsible as employers for the conduct alleged herein, and are therefore collectively referred to herein as DEFENDANT.

4.  DEFENDANT is an American company that operates a pharmacy store chain. DEFENDANT specializes in filling prescriptions, health and wellness products, health information, and photo services.

5.  PLAINTIFF was employed by DEFENDANT in California as a Certified Senior Pharmacy Technician and was classified as a non-exempt employee entitled to overtime pay and meal and rest periods from September of 2005 to January of 2019. PLAINTIFF was at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from DEFENDANT in the form of non-discretionary flat sum incentive wages.

6.  PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who are or previously were employed by Defendants Walgreen Pharmacy Services Midwest, LLC and/or Walgreen Co. in California and classified as non-

1    exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning on
2    the date four (4) years prior to the filing of this Complaint and ending on the date as determined
3    by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the
4    aggregate claim of CALIFORNIA CLASS Members is under five million dollars
5    ($5,000,000.00).

6         7.     PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA
7    CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during
8    the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice
9    which failed to lawfully compensate these employees for all their overtime worked.
10   DEFENDANT's uniform policy and practice alleged herein is an unlawful, unfair and deceptive
11   business practice whereby DEFENDANT retained and continues to retain wages due
12   PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other
13   members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by
14   DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the
15   CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and
16   current unlawful conduct, and all other appropriate legal and equitable relief.

17        8.     The true names and capacities, whether individual, corporate, subsidiary,
18   partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently
19   unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant
20   to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege
21   the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.
22   PLAINTIFF is informed and believes, and based upon that information and belief allege, that
23   the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are
24   responsible in some manner for one or more of the events and happenings that proximately
25   caused the injuries and damages hereinafter alleged.

26        9.     The agents, servants and/or employees of the Defendants and each of them acting
27   on behalf of the Defendants acted within the course and scope of his, her or its authority as the
28

1 agent, servant and/or employee of the Defendants, and personally participated in the conduct
2 alleged herein on behalf of the Defendants with respect to the conduct alleged herein.
3 Consequently, the acts of each Defendant are legally attributable to the other Defendants and
4 all Defendants are jointly and severally liable to PLAINTIFF and the other members of the
5 CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the
6 Defendants' agents, servants and/or employees.

7
8                                    **THE CONDUCT**

9          10.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues
10 to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA
11 CLASS for their overtime worked.  DEFENDANT unlawfully and unilaterally failed to
12 accurately calculate wages for overtime worked by PLAINTIFF and other members of the
13 CALIFORNIA CLASS in order to avoid paying these employees the correct overtime
14 compensation.  As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS
15 forfeited wages due them for working overtime without compensation at the correct overtime
16 rates.   DEFENDANT's uniform policy and practice to not pay the members of the
17 CALIFORNIA CLASS the correct overtime rate for all overtime worked in accordance with
18 applicable law is evidenced by DEFENDANT's business records.

19         11.    State and federal law provides that employees must be paid overtime at one-and-
20 one-half times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS
21 Members were compensated at an hourly rate plus incentive pay that was tied to specific
22 elements of an employee's performance.

23         12.    The second component of PLAINTIFF's and other CALIFORNIA CLASS
24 Members' compensation was DEFENDANT's non-discretionary flat sum incentive program
25 that paid PLAINTIFF and other CALIFORNIA CLASS Members flat sum incentive wages
26 based on their performance for DEFENDANT.  The non-discretionary flat sum incentive
27 program provided all employees paid on an hourly basis with flat sum incentive compensation

28
                                          4

when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the flat sum incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay. Specifically, DEFENDANT failed to factor in the flat sum incentive pay into PLAINTIFF and other CALIFORNIA CLASS Members' regular rate of pay by failing to divide the amount of the flat sum bonus by the total number of *non-overtime* hours actually worked during the relevant pay period. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the flat sum incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a systematic underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT. This uniform policy and practice of DEFENDANT was intended to purposefully avoid the payment of the correct overtime compensation as required by the California Labor Code which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law.

13.     Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work off the clock without paying them for all the time they were under DEFENDANT's control performing post-shift duties, specifically by failing to provide enough labor hours to accomplish all the job tasks that DEFENDANT expected PLAINTIFF and CALIFORNIA CLASS Members to complete. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime rates.

14.     In addition, when DEFENDANT required PLAINTIFF and other CALIFORNIA CLASS Members to engage in additional work after their shift already ended, this resulted in a second reporting for work in a single workday. In such a circumstance of a second reporting for work in a single workday, DEFENDANT failed to pay these employees reporting time pay as required by Cal. Code Regs., tit. 8, § 11040. Subdivision 5(B) states: "If an employee is required to report for work a second time in any one workday and is furnished less than two (2) hours of work on the second reporting, said employee shall be paid for two (2) hours at the employee's regular rate of pay, which shall not be less than the minimum wage." Cal. Code Regs., tit. 8, § 11040, subd. 5(B).

15.     In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally and knowingly failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate of pay for all overtime worked. This uniform policy and practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime compensation as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

16.     As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period from time to time in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and the other CALIFORNIA

1  CLASS Members therefore forfeited meal breaks without additional compensation and in
2  accordance with DEFENDANT's strict corporate policy and practice.

3       17.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other
4  CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without
5  being provided ten (10) minute off duty paid rest periods. Further, these employees were denied
6  their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to
7  four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked
8  of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten
9  (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other
10 CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof.
11 As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS
12 Members were periodically denied their proper rest periods by DEFENDANT and
13 DEFENDANT's managers.

14      18.    DEFENDANT as a matter of corporate policy, practice and procedure,
15 intentionally, knowingly and systematically failed to reimburse and indemnify the PLAINTIFF
16 and the other CALIFORNIA CLASS Members for required business expenses incurred by the
17 PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging
18 their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers
19 are required to indemnify employees for all expenses incurred in the course and scope of their
20 employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or
21 her employee for all necessary expenditures or losses incurred by the employee in direct
22 consequence of the discharge of his or her duties, or of his or her obedience to the directions
23 of the employer, even though unlawful, unless the employee, at the time of obeying the
24 directions, believed them to be unlawful."

25      19.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS
26 Members as a business expense, were required by DEFENDANT to use their own personal
27 cellular phones as a result of and in furtherance of their job duties as employees for

28
                                   7

DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cell phones for work related issues including, but not limited to, responding to other pharmacists and technicians regarding billing and insurance issues. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

20.     When PLAINTIFF and other CALIFORNIA CLASS Members worked overtime in the same pay period they earned incentive wages and/or missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, from time to time DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

21.     By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately

1 calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other

2 CALIFORNIA CLASS Members. The proper calculation of these employees' overtime hour

3 rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of

4 the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all

5 required overtime compensation for work performed by the members of the CALIFORNIA

6 CLASS and violated the California Labor Code and regulations promulgated thereunder as

7 herein alleged.

8      22.    Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to

9 her in the form of two components. One component of PLAINTIFF's compensation was a base

10 hourly wage. The second component of PLAINTIFF's compensation were non-discretionary

11 flat sum incentive wages. DEFENDANT paid the flat sum incentive wages, so long as

12 PLAINTIFF met certain predefined performance requirements. PLAINTIFF met

13 DEFENDANT's predefined eligibility performance requirements in various pay periods

14 throughout her employment with DEFENDANT and DEFENDANT paid PLAINTIFF the flat

15 sum incentive wages. During these pay periods in which PLAINTIFF was paid the non-

16 discretionary flat sum incentive wages by DEFENDANT, PLAINTIFF also worked overtime

17 for DEFENDANT, but DEFENDANT never included the incentive compensation in

18 PLAINTIFF's regular rate of pay for the purposes of calculating what should have been

19 PLAINTIFF's accurate overtime rate and thereby underpaid PLAINTIFF for overtime worked

20 throughout her employment with DEFENDANT. The flat sum incentive compensation paid by

21 DEFENDANT constituted wages within the meaning of the California Labor Code and thereby

22 should have been part of PLAINTIFF's "regular rate of pay." PLAINTIFF was also from time

23 to time unable to take off duty meal and rest breaks and was not fully relieved of duty for her

24 meal periods. PLAINTIFF was required to perform work as ordered by DEFENDANT for

25 more than five (5) hours during a shift without receiving an off-duty meal break. Further,

26 DEFENDANT failed to provide PLAINTIFF with a second off-duty meal period from time to

27 time in which they she required by DEFENDANT to work ten (10) hours of work.

28

PLAINTIFF therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.  DEFENDANT also provided PLAINTIFF with a paystub that failed to accurately display PLAINTIFF's correct rates of overtime pay and payments for missed meal and rest periods for certain pay periods in violation of Cal. Lab. Code § 226(a).  To date, DEFENDANT has not fully paid PLAINTIFF the overtime compensation still owed to her or any penalty wages owed to her under Cal. Lab. Code § 203.  The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

23.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

24.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

## THE CALIFORNIA CLASS

25.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by Defendants Walgreen Pharmacy Services Midwest, LLC and/or Walgreen Co. in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning on the date

10

four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

26. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

27. The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

28. DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly calculate and record overtime compensation for overtime worked by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work.

29.     DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to accurately calculate the "regular rate of pay" by including the incentive compensation that PLAINTIFF and members of the CALIFORNIA CLASS were awarded by DEFENDANT. DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable overtime rate for all overtime worked, so as to satisfy their burden.  This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

30.     At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq*.  At no time during the CALIFORNIA CLASS PERIOD was the overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so as to include all earnings in the overtime compensation calculation as required by California Labor Code §§ 510, *et seq*.

31.     The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

32.     DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

(a)     Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all minimum wages and overtime wages due the CALIFORNIA CLASS for

12

1    all time worked, and failed to accurately record the applicable rates of all

2    overtime worked by the CALIFORNIA CLASS;

3        (b)  Committing an act of unfair competition in violation of the California

4    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

5    unlawfully, unfairly, and/or deceptively having in place a company policy,

6    practice and procedure that failed to correctly calculate overtime

7    compensation due to PLAINTIFF and the members of the CALIFORNIA

8    CLASS;

9        (c)  Committing an act of unfair competition in violation of the California

10   Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

11   failing to provide mandatory meal and/or rest breaks to PLAINTIFF and

12   the CALIFORNIA CLASS members; and,

13       (d)  Committing an act of unfair competition in violation of the California

14   Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by

15   violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

16   the CALIFORNIA CLASS members with necessary expenses incurred in

17   the discharge of their job duties.

18   33.   This Class Action meets the statutory prerequisites for the maintenance of a Class

19   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

20       (a)  The persons who comprise the CALIFORNIA CLASS are so numerous

21   that the joinder of all such persons is impracticable and the disposition of

22   their claims as a class will benefit the parties and the Court;

23       (b)  Nearly all factual, legal, statutory, declaratory and injunctive relief issues

24   that are raised in this Complaint are common to the CALIFORNIA

25   CLASS will apply uniformly to every member of the CALIFORNIA

26   CLASS;

27       (c)  The claims of the representative PLAINTIFF are typical of the claims of

28

each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was subjected to the uniform employment practices of DEFENDANT and was a non-exempt employee paid on an hourly basis and paid additional non-discretionary flat sum incentive wages who was subjected to the DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA CLASS for all overtime worked by the CALIFORNIA CLASS and thereby systematically underpaid overtime compensation to the CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

34.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

14

CLASS ACTION COMPLAINT

1                1)     Inconsistent or varying adjudications with respect to individual

2                         members of the CALIFORNIA CLASS which would establish

3                         incompatible standards of conduct for the parties opposing the

4                         CALIFORNIA CLASS; and/or,

5                2)     Adjudication with respect to individual members of the

6                         CALIFORNIA CLASS which would as a practical matter be

7                         dispositive of interests of the other members not party to the

8                         adjudication or substantially impair or impede their ability to

9                         protect their interests.

10       (b)   The parties opposing the CALIFORNIA CLASS have acted or refused to

11            act on grounds generally applicable to the CALIFORNIA CLASS, making

12            appropriate class-wide relief with respect to the CALIFORNIA CLASS

13            as a whole in that DEFENDANT uniformly failed to pay all wages due.

14            Including the correct overtime rate, for all worked by the members of the

15            CALIFORNIA CLASS as required by law;

16                1)     With respect to the First Cause of Action, the final relief on behalf

17                       of the CALIFORNIA CLASS sought does not relate exclusively to

18                       restitution because through this claim PLAINTIFF seeks

19                       declaratory relief holding that the DEFENDANT's policy and

20                       practices constitute unfair competition, along with declaratory

21                       relief, injunctive relief, and incidental equitable relief as may be

22                       necessary to prevent and remedy the conduct declared to constitute

23                       unfair competition;

24       (c)   Common questions of law and fact exist as to the members of the

25            CALIFORNIA CLASS, with respect to the practices and violations of

26            California law as listed above, and predominate over any question

27            affecting only individual CALIFORNIA CLASS Members, and a Class

28

1    Action is superior to other available methods for the fair and efficient

2    adjudication of the controversy, including consideration of:

3    1)   The interests of the members of the CALIFORNIA CLASS in

4         individually controlling the prosecution or defense of separate

5         actions in that the substantial expense of individual actions will be

6         avoided to recover the relatively small amount of economic losses

7         sustained by the individual CALIFORNIA CLASS Members when

8         compared to the substantial expense and burden of individual

9         prosecution of this litigation;

10   2)   Class certification will obviate the need for unduly duplicative

11        litigation that would create the risk of:

12        A.   Inconsistent or varying adjudications with respect to

13             individual members of the CALIFORNIA CLASS, which

14             would establish incompatible standards of conduct for the

15             DEFENDANT; and/or,

16        B.   Adjudications with respect to individual members of the

17             CALIFORNIA CLASS would as a practical matter be

18             dispositive of the interests of the other members not parties

19             to the adjudication or substantially impair or impede their

20             ability to protect their interests;

21   3)   In the context of wage litigation because a substantial number of

22        individual CALIFORNIA CLASS Members will avoid asserting

23        their legal rights out of fear of retaliation by DEFENDANT, which

24        may adversely affect an individual's job with DEFENDANT or

25        with a subsequent employer, the Class Action is the only means to

26        assert their claims through a representative; and,

27   4)   A class action is superior to other available methods for the fair

28   

CLASS ACTION COMPLAINT

1    and efficient adjudication of this litigation because class treatment
2    will obviate the need for unduly and unnecessary duplicative
3    litigation that is likely to result in the absence of certification of
4    this action pursuant to Cal. Code of Civ. Proc. § 382.

5    35.    This Court should permit this action to be maintained as a Class Action pursuant
6    to Cal. Code of Civ. Proc. § 382 because:

7    (a)    The questions of law and fact common to the CALIFORNIA CLASS
8    predominate over any question affecting only individual CALIFORNIA
9    CLASS Members because the DEFENDANT's employment practices are
10    uniform and systematically applied with respect to the CALIFORNIA
11    CLASS;

12    (b)    A Class Action is superior to any other available method for the fair and
13    efficient adjudication of the claims of the members of the CALIFORNIA
14    CLASS because in the context of employment litigation a substantial
15    number of individual CALIFORNIA CLASS Members will avoid
16    asserting their rights individually out of fear of retaliation or adverse
17    impact on their employment;

18    (c)    The members of the CALIFORNIA CLASS are so numerous that it is
19    impractical to bring all members of the CALIFORNIA CLASS before the
20    Court;

21    (d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be
22    able to obtain effective and economic legal redress unless the action is
23    maintained as a Class Action;

24    (e)    There is a community of interest in obtaining appropriate legal and
25    equitable relief for the acts of unfair competition, statutory violations and
26    other improprieties, and in obtaining adequate compensation for the
27    damages and injuries which DEFENDANT's actions have inflicted upon

28

17

1          the CALIFORNIA CLASS;

2      (f)   There is a community of interest in ensuring that the combined assets of

3            DEFENDANT are sufficient to adequately compensate the members of

4            the CALIFORNIA CLASS for the injuries sustained;

5      (g)   DEFENDANT has acted or refused to act on grounds generally applicable

6            to the CALIFORNIA CLASS, thereby making final class-wide relief

7            appropriate with respect to the CALIFORNIA CLASS as a whole;

8      (h)   The members of the CALIFORNIA CLASS are readily ascertainable from

9            the business records of DEFENDANT; and,

10     (i)   Class treatment provides manageable judicial treatment calculated to bring

11           a efficient and rapid conclusion to all litigation of all wage and hour

12           related claims arising out of the conduct of DEFENDANT as to the

13           members of the CALIFORNIA CLASS.

14     36.    DEFENDANT maintains records from which the Court can ascertain and identify

15  by job title each of DEFENDANT's employees who as have been systematically, intentionally

16  and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein

17  alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles

18  of similarly situated employees when they have been identified.

19

20                          **THE CALIFORNIA LABOR SUB-CLASS**

21     37.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and

22  Eighth causes of Action on behalf of a California sub-class, defined as all members of the

23  CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR

24  SUB-CLASS") at any time during the period beginning on the date three (3) years prior to the

25  filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA

26  LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in

27  controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under

28                                            18

1  five million dollars ($5,000,000.00).

2       38.    DEFENDANT, as a matter of company policy, practice and procedure, and in

3  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

4  requirements, and the applicable provisions of California law, intentionally, knowingly, and

5  wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate overtime

6  compensation for the overtime worked by PLAINTIFF and the other members of the

7  CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this

8  work, required employees to perform this work and permitted or suffered to permit this

9  overtime work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-

10  CLASS Members overtime wages at the correct amount to which these employees are entitled

11  in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling

12  operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the

13  CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

14       39.    DEFENDANT maintains records from which the Court can ascertain and identify

15  by name and job title, each of DEFENDANT's employees who have been systematically,

16  intentionally and uniformly subjected to DEFENDANT's company policy, practices and

17  procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include

18  any additional job titles of similarly situated employees when they have been identified.

19       40.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

20  CALIFORNIA LABOR SUB-CLASS Members is impracticable.

21       41.    Common questions of law and fact exist as to members of the CALIFORNIA

22  LABOR SUB-CLASS, including, but not limited, to the following:

23            (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

24                 overtime compensation to members of the CALIFORNIA LABOR SUB-

25                 CLASS in violation of the California Labor Code and California

26                 regulations and the applicable California Wage Order;

27            (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

28                 19

entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

(c)    Whether DEFENDANT failed to accurately record the applicable overtime rates for all overtime worked PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS;

(d)    Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks and rest periods;

(e)    Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(f)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(g)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(h)    Whether DEFENDANT's conduct was willful.

42.    DEFENDANT, as a matter of company policy, practice and procedure, failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the applicable overtime rates for the overtime worked by these employees.  All of the CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFF, were non-exempt employees who were paid on an hourly basis by DEFENDANT according to uniform and systematic company procedures as alleged herein above.  This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

43.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a) Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(b) Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

(c) Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

(d) Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee;

(e) Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties; and,

(f) Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

44. This Class Action meets the statutory prerequisites for the maintenance of a Class

21

Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

      (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

      (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

      (c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt employee paid on an hourly basis and paid additional non-discretionary flat sum incentive wages who was subjected to the DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA LABOR SUB-CLASS for all overtime worked. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

      (d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate.

1               Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

2               assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

3    45.    In addition to meeting the statutory prerequisites to a Class Action, this action is

4 properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

5       (a)    Without class certification and determination of declaratory, injunctive,

6               statutory and other legal questions within the class format, prosecution of

7               separate actions by individual members of the CALIFORNIA LABOR

8               SUB-CLASS will create the risk of:

9            1)    Inconsistent or varying adjudications with respect to individual

10                   members of the CALIFORNIA LABOR SUB-CLASS which

11                   would establish incompatible standards of conduct for the parties

12                   opposing the CALIFORNIA LABOR SUB-CLASS; or,

13            2)    Adjudication with respect to individual members of the

14                   CALIFORNIA LABOR SUB-CLASS which would as a practical

15                   matter be dispositive of interests of the other members not party to

16                   the adjudication or substantially impair or impede their ability to

17                   protect their interests.

18       (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

19               or refused to act on grounds generally applicable to the CALIFORNIA

20               LABOR SUB-CLASS, making appropriate class-wide relief with respect

21               to the CALIFORNIA LABOR SUB-CLASS as a whole in that

22               DEFENDANT uniformly failed to pay all wages due. Including the

23               correct overtime rate, for all overtime worked by the members of the

24               CALIFORNIA LABOR SUB-CLASS as required by law;

25       (c)    Common questions of law and fact predominate as to the members of the

26               CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

27               violations of California Law as listed above, and predominate over any

28                         23

question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

      A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

      B.     Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)     In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class

24

Action is the only means to assert their claims through a
representative; and,

4) A class action is superior to other available methods for the fair
and efficient adjudication of this litigation because class treatment
will obviate the need for unduly and unnecessary duplicative
litigation that is likely to result in the absence of certification of
this action pursuant to Cal. Code of Civ. Proc. § 382.

46. This Court should permit this action to be maintained as a Class Action pursuant
to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA LABOR
SUB-CLASS predominate over any question affecting only individual
CALIFORNIA LABOR SUB-CLASS Members;

(b) A Class Action is superior to any other available method for the fair and
efficient adjudication of the claims of the members of the CALIFORNIA
LABOR SUB-CLASS because in the context of employment litigation a
substantial number of individual CALIFORNIA LABOR SUB-CLASS
Members will avoid asserting their rights individually out of fear of
retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA LABOR SUB-CLASS are so
numerous that it is impractical to bring all members of the CALIFORNIA
LABOR SUB-CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS
Members, will not be able to obtain effective and economic legal redress
unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and
equitable relief for the acts of unfair competition, statutory violations and
other improprieties, and in obtaining adequate compensation for the

25

1    damages and injuries which DEFENDANT's actions have inflicted upon

2    the CALIFORNIA LABOR SUB-CLASS;

3    (f)    There is a community of interest in ensuring that the combined assets of

4    DEFENDANT are sufficient to adequately compensate the members of

5    the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

6    (g)    DEFENDANT has acted or refused to act on grounds generally applicable

7    to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

8    wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

9    CLASS as a whole;

10    (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

11    ascertainable from the business records of DEFENDANT.    The

12    CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

13    CLASS Members classified as non-exempt employees during the

14    CALIFORNIA LABOR SUB-CLASS PERIOD; and,

15    (i)    Class treatment provides manageable judicial treatment calculated to bring

16    a efficient and rapid conclusion to all litigation of all wage and hour

17    related claims arising out of the conduct of DEFENDANT as to the

18    members of the CALIFORNIA LABOR SUB-CLASS.

19

20    **FIRST CAUSE OF ACTION**

21    **For Unlawful Business Practices**

22    **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

23    **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

24    47.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

25    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

26    Complaint.

27    48.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

28

1  Code § 17021.

2  49.  California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

3  unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

4  17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

5  competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair
> competition may be enjoined in any court of competent jurisdiction. The court
> may make such orders or judgments, including the appointment of a receiver, as
> may be necessary to prevent the use or employment by any person of any practice
> which constitutes unfair competition, as defined in this chapter, or as may be
> necessary to restore to any person in interest any money or property, real or
> personal, which may have been acquired by means of such unfair competition.

10  Cal. Bus. & Prof. Code § 17203.

11  50.  By the conduct alleged herein, DEFENDANT has engaged and continues to

12  engage in a business practice which violates California law, including but not limited to, the

13  applicable Wage Order(s), the California Code of Regulations and the California Labor Code

14  including Sections 204, 210, 226.7, 510, 512, 558, 1194, 1197, 1197.1, 1198 and 2802, for

15  which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. &

16  Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute

17  unfair competition, including restitution of wages wrongfully withheld.

18  51.  By the conduct alleged herein, DEFENDANT's practices were unlawful and

19  unfair in that these practices violated public policy, were immoral, unethical, oppressive,

20  unscrupulous or substantially injurious to employees, and were without valid justification or

21  utility for which this Court should issue equitable and injunctive relief pursuant to Section

22  17203 of the California Business & Professions Code, including restitution of wages wrongfully

23  withheld.

24  52.  By the conduct alleged herein, DEFENDANT's practices were deceptive and

25  fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and

26  other members of the CALIFORNIA CLASS, minimum and reporting time wages due, wages

27  due for overtime worked, failed to reimburse for necessary business expenses incurred in the

28

1    discharge of their job duties for DEFENDANT, failed to accurately to record the applicable

2    rate of all overtime worked, and failed to provide the required amount of overtime

3    compensation due to a systematic miscalculation of the overtime rate that cannot be justified,

4    pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in

5    violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive

6    and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages

7    wrongfully withheld.

8        53.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

9    unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

10    other members of the CALIFORNIA CLASS to be underpaid during their employment with

11    DEFENDANT.

12        54.    By the conduct alleged herein, DEFENDANT's practices were also unfair and

13    deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide

14    mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

15        55.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

16    CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty

17    meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

18    for each workday in which a second off-duty meal period was not timely provided for each ten

19    (10) hours of work.

20        56.    PLAINTIFF further demands on behalf of herself and on behalf of each

21    CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty

22    paid rest period was not timely provided as required by law.

23        57.    By and through the unlawful and unfair business practices described herein,

24    DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

25    other members of the CALIFORNIA CLASS, including earned wages for all overtime worked,

26    and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

27    detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

28

1    to unfairly compete against competitors who comply with the law.

2        58.    All the acts described herein as violations of, among other things, the Industrial

3    Welfare Commission Wage Orders, the California Code of Regulations, and the California

4    Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

5    oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

6    deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

7        59.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

8    and do, seek such relief as may be necessary to restore to them the money and property which

9    DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

10   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

11   unfair business practices, including earned but unpaid wages for all overtime worked.

12       60.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

13   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

14   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

15   engaging in any unlawful and unfair business practices in the future.

16       61.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

17   speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

18   of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

19   As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

20   other members of the CALIFORNIA CLASS have suffered and will continue to suffer

21   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

22   engage in these unlawful and unfair business practices.

23   ///

24   ///

25   ///

26   ///

27   ///

28
                                    29

1

**SECOND CAUSE OF ACTION**

2

**For Failure To Pay Minimum Wages**

3

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

4

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

5

**and Against All Defendants)**

6

62.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

7

CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

8

paragraphs of this Complaint.

9

63.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

10

bring a claim for DEFENDANT's willful and intentional violations of the California Labor

11

Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

12

accurately calculate and pay minimum wages and reporting time wages to PLAINTIFF and

13

CALIFORNIA CLASS Members.

14

64.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

15

public policy, an employer must timely pay its employees for all hours worked.

16

65.     Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the

17

commission is the minimum wage to be paid to employees, and the payment of a less wage than

18

the minimum so fixed in unlawful.

19

66.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

20

including minimum wage compensation and interest thereon, together with the costs of suit.

21

67.     DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and

22

the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

23

amount of time they work. As set forth herein, DEFENDANT's uniform policy and practice

24

was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the

25

other members of the CALIFORNIA LABOR SUB-CLASS.

26

68.     DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,

27

without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

28

1  result of implementing a uniform policy and practice that denies accurate compensation to
2  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to
3  minimum wage pay.

4        69.    In committing these violations of the California Labor Code, DEFENDANT
5  inaccurately calculated the correct time worked and consequently underpaid the actual time
6  worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS.
7  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other
8  benefits in violation of the California Labor Code, the Industrial Welfare Commission
9  requirements and other applicable laws and regulations.

10       70.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,
11 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not
12 receive the correct minimum wage compensation for their time worked for DEFENDANT.

13       71.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the
14 other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that
15 they were entitled to, constituting a failure to pay all earned wages.

16       72.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned
17 compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
18 CLASS for the true time they worked, PLAINTIFF and the other members of the
19 CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic
20 injury in amounts which are presently unknown to them and which will be ascertained
21 according to proof at trial.

22       73.    DEFENDANT knew or should have known that PLAINTIFF and the other
23 members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time
24 worked. DEFENDANT systematically elected, either through intentional malfeasance or gross
25 nonfeasance, to not pay employees for their labor as a matter of uniform company policy,
26 practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to
27 pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the

28                                    31
                          CLASS ACTION COMPLAINT

1   correct minimum wages for their time worked.

2      74.    In performing the acts and practices herein alleged in violation of California labor
3   laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for
4   all time worked and provide them with the requisite compensation, DEFENDANT acted and
5   continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other
6   members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for
7   their legal rights, or the consequences to them, and with the despicable intent of depriving them
8   of their property and legal rights, and otherwise causing them injury in order to increase
9   company profits at the expense of these employees.

10     75.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
11  therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as
12  well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided
13  by the California Labor Code and/or other applicable statutes.  To the extent minimum wage
14  compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members
15  who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§
16  201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties
17  under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these
18  CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein
19  was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA
20  LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

21

22                          **THIRD CAUSE OF ACTION**

23                     **For Failure To Pay Overtime Compensation**

24                     **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

25      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

26                                **Defendants)**

27     76.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

28                                   32
                        CLASS ACTION COMPLAINT

reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

77.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

78.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

79.     Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

80.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

81.     DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of overtime worked and correct applicable overtime rate for the amount of overtime they worked.  As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due for the overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for

33

1   all overtime worked.

2       82.   DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,
3 without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a
4 result of implementing a uniform policy and practice that denied accurate compensation to
5 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for all
6 overtime worked, including, the work performed in excess of eight (8) hours in a workday
7 and/or forty (40) hours in any workweek.

8       83.   In committing these violations of the California Labor Code, DEFENDANT
9 inaccurately calculated the amount of overtime worked and the applicable overtime rates and
10 consequently underpaid the actual time worked by PLAINTIFF and other members of the
11 CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the
12 payment of all earned wages, and other benefits in violation of the California Labor Code, the
13 Industrial Welfare Commission requirements and other applicable laws and regulations.

14       84.   As a direct result of DEFENDANT's unlawful wage practices as alleged herein,
15 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not
16 receive full compensation for all overtime worked.

17       85.   Cal. Lab. Code § 515 sets out various categories of employees who are exempt
18 from the overtime requirements of the law.  None of these exemptions are applicable to
19 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further,
20 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject
21 to a valid collective bargaining agreement that would preclude the causes of action contained
22 herein this Complaint. Rather, the PLAINTIFF brings this Action on behalf of herself and the
23 CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable,
24 non-waiveable rights provided by the State of California.

25       86.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the
26 other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that
27 they were entitled to, constituting a failure to pay all earned wages.

28

87.    DEFENDANT failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

88.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

89.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

90.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order

1  to increase company profits at the expense of these employees.

2      91.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
3  therefore request recovery of all unpaid wages, including overtime wages, according to proof,
4  interest, statutory costs, as well as the assessment of any statutory penalties against
5  DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable
6  statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA
7  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S
8  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also
9  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought
10  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's
11  conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF
12  and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover
13  statutory costs.

15                   **FOURTH CAUSE OF ACTION**
16           **For Failure to Provide Required Meal Periods**
17               **[Cal. Lab. Code §§ 226.7 & 512 ]**
18   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
19                        **Defendants)**

20      92.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,
21  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs
22  of this Complaint.

23      93.    During the CALIFORNIA CLASS PERIOD, from time to time, DEFENDANT
24  failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other
25  CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and
26  Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR
27  SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their

28                              36

1  duties for the legally required off-duty meal periods. As a result of their rigorous work

2  schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

3  time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally,

4  DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

5  Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced

6  by DEFENDANT's business records. Further, DEFENDANT failed to provide PLAINTIFF

7  and CALIFORNIA CLASS Members with a second off-duty meal period from time to time in

8  which these employees were required by DEFENDANT to work ten (10) hours of work. As

9  a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore

10  forfeited meal breaks without additional compensation and in accordance with DEFENDANT's

11  strict corporate policy and practice.

12      94.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

13  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

14  CLASS Members who were not provided a meal period, in accordance with the applicable

15  Wage Order, one additional hour of compensation at each employee's regular rate of pay for

16  each workday that a meal period was not provided.

17      95.    As a proximate result of the aforementioned violations, PLAINTIFF and

18  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

19  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

20  suit.

21

22                    **FIFTH CAUSE OF ACTION**

23           **For Failure to Provide Required Rest Periods**

24              **[Cal. Lab. Code §§ 226.7 & 512 ]**

25    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

26                        **Defendants)**

27      96.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

28                            37

1  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs
2  of this Complaint.

3      97.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from
4  time to time required to work in excess of four (4) hours without being provided ten (10) minute
5  rest periods. Further, these employees were denied their first rest periods of at least ten (10)
6  minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest
7  period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours,
8  and a first, second and third rest period of at least ten (10) minutes for some shifts worked of
9  ten (10) hours or more. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members
10  were also not provided with one hour wages in lieu thereof. As a result of their rigorous work
11  schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were
12  periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

13      98.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable
14  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-
15  CLASS Members who were not provided a rest period, in accordance with the applicable Wage
16  Order, one additional hour of compensation at each employee's regular rate of pay for each
17  workday that rest period was not provided.

18      99.    As a proximate result of the aforementioned violations, PLAINTIFF and
19  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according
20  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of
21  suit.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

38

1

## SIXTH CAUSE OF ACTION

2

### For Failure to Reimburse Employees for Required Expenses

3

### [Cal. Lab. Code § 2802]

4

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

5

### Defendants)

6          100.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

7  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

8  of this Complaint.

9          101.    Cal. Lab. Code § 2802 provides, in relevant part, that:

10         An employer shall indemnify his or her employee for all necessary expenditures
           or losses incurred by the employee in direct consequence of the discharge of his
11         or her duties, or of his or her obedience to the directions of the employer, even
           though unlawful, unless the employee, at the time of obeying the directions,
12         believed them to be unlawful.

13         102.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

14  failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

15  members for required expenses incurred in the discharge of their job duties for DEFENDANT's

16  benefit. DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

17  CLASS members for expenses which included, but were not limited to, costs related to using

18  their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

19  Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by

20  DEFENDANT to use their personal cell phones to respond to work related issues.

21  DEFENDANT's uniform policy, practice and procedure was to not reimburse PLAINTIFF and

22  the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their

23  personal cellular phones for DEFENDANT within the course and scope of their employment

24  for DEFENDANT. These expenses were necessary to complete their principal job duties.

25  DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this

26  expectation. Although these expenses were necessary expenses incurred by PLAINTIFF and

27  the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and

28                                          39
                                    CLASS ACTION COMPLAINT

1 reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these

2 expenses as an employer is required to do under the laws and regulations of California.

3      103.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred

4 by him and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their  job

5 duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest

6 at the statutory rate and costs under Cal. Lab. Code § 2802.

7

8 **SEVENTH CAUSE OF ACTION**

9 **For Failure to Provide Accurate Itemized Statements**

10 **[Cal. Lab. Code § 226]**

11 **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

12 **Defendants)**

13      104.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

14 reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

15 of this Complaint.

16      105.    Cal. Labor Code § 226 provides that an employer must furnish employees with

17 an "accurate itemized" statement in writing showing:

18     (1) gross wages earned,

19     (2) total hours worked by the employee, except for any employee whose compensation

20     is solely based on a salary and who is exempt from payment of overtime under

21     subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

22     Commission,

23     (3) the number of piecerate units earned and any applicable piece rate if the employee

24     is paid on a piece-rate basis,

25     (4) all deductions, provided that all deductions made on written orders of the employee

26     may be aggregated and shown as one item,

27     (5) net wages earned,

28 40

1    (6) the inclusive dates of the period for which the employee is paid,

2    (7) the name of the employee and his or her social security number, except that by

3    January 1, 2008, only the last four digits of his or her social security number or an

4    employee identification number other than a social security number may be shown on

5    the itemized statement,

6    (8) the name and address of the legal entity that is the employer, and

7    (9) all applicable hourly rates in effect during the pay period and the corresponding

8    number of hours worked at each hourly rate by the employee.

9    106.    When PLAINTIFF and other CALIFORNIA CLASS Members worked overtime

10   in the same pay period they earned incentive wages and/or missed meal and rest breaks,

11   DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA

12   CLASS with complete and accurate wage statements which failed to show, among other things,

13   the correct overtime rate for overtime worked, including, work performed in excess of eight (8)

14   hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments

15   or missed meal and rest periods.  Cal. Lab. Code § 226 provides that every employer shall

16   furnish each of his or her employees with an accurate itemized wage statement in writing

17   showing, among other things, gross wages earned and all applicable hourly rates in effect during

18   the pay period and the corresponding amount of time worked at each hourly rate.  Aside, from

19   the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an

20   itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*.

21   As a result, from time to time DEFENDANT provided PLAINTIFF and the other members of

22   the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

23   107.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor

24   Code § 226, causing injury and damages to the PLAINTIFF and the other members of the

25   CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs

26   expended calculating the correct rates for the overtime worked and the amount of employment

27   taxes which were not properly paid to state and federal tax authorities.  These damages are

28
                                        41

1   difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA

2   LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

3   initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

4   violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

5   to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

6   PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

7

8   **EIGHTH CAUSE OF ACTION**

9   **For Failure to Pay Wages When Due**

10   **[ Cal. Lab. Code §§ 201, 202, 203]**

11   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

12   **Defendants)**

13       108.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

14   reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of

15   this Complaint.

16       109.   Cal. Lab. Code § 200 provides that:

17       As used in this article:
18       (a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
19       (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to
20       be paid for is performed personally by the person demanding payment.

21       110.   Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges

22   an employee, the wages earned and unpaid at the time of discharge are due and payable

23   immediately."

24       111.   Cal. Lab. Code § 202 provides, in relevant part, that:

25       If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72
26       hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages
27       at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment
28

42

1  by mail if he or she so requests and designates a mailing address. The date of the
2  mailing shall constitute the date of payment for purposes of the requirement to
   provide payment within 72 hours of the notice of quitting.

3  112.   There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-

4  CLASS Members' employment contract.

5  113.   Cal. Lab. Code § 203 provides:

6  If an employer willfully fails to pay, without abatement or reduction, in
   accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee
7  who is discharged or who quits, the wages of the employee shall continue as a
   penalty from the due date thereof at the same rate until paid or until an action
8  therefor is commenced; but the wages shall not continue for more than 30 days.

9  114.   The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS

10  Members terminated and DEFENDANT has not tendered payment of overtime wages, to these

11  employees who actually worked overtime, as required by law.

12  115.   Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the

13  members of the CALIFORNIA LABOR SUB-CLASS whose employment has, PLAINTIFF

14  demands up to thirty days of pay as penalty for not paying all wages due at time of termination

15  for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS

16  PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory

17  costs as allowed by law.

18
                                **PRAYER FOR RELIEF**
19
    WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and
20
   severally, as follows:
21
   1.   On behalf of the CALIFORNIA CLASS:
22
        A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA
23
             CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;
24
        B)   An order temporarily, preliminarily and permanently enjoining and restraining
25
             DEFENDANT from engaging in similar unlawful conduct as set forth herein;
26
        C)   An order requiring DEFENDANT to pay all wages and all sums unlawfuly
27
             withheld from compensation due to PLAINTIFF and the other members of the
28
                                         43
─────────────────────────────────────────
                     CLASS ACTION COMPLAINT

1            CALIFORNIA CLASS; and,

2     D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

3            for restitution of the sums incidental to DEFENDANT's violations due to

4            PLAINTIFF and to the other members of the CALIFORNIA CLASS.

5   2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

6     A)   That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth

7            Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class

8            action pursuant to Cal. Code of Civ. Proc. § 382;

9     B)   Compensatory damages, according to proof at trial, including compensatory

10           damages for minimum wage and overtime compensation due PLAINTIFF and the

11           other members of the CALIFORNIA LABOR SUB-CLASS, during the

12           applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon

13           at the statutory rate;

14     C)   Meal and rest period compensation pursuant to California Labor Code Section

15           226.7 and the applicable IWC Wage Order;

16     D)   The greater of all actual damages or fifty dollars ($50) for the initial pay period

17           in which a violation occurs and one hundred dollars ($100) per each member of

18           the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

19           period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

20           an award of costs for violation of Cal. Lab. Code § 226;

21     E)   The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

22           LABOR SUBCLASS incurred in the course of their job duties, plus interest, and

23           costs of suit; and,

24     F)   The wages of all terminated employees from the CALIFORNIA LABOR SUB-

25           CLASS as a penalty from the due date thereof at the same rate until paid or until

26           an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

27   3.    On all claims:

28

A)    An award of interest, including prejudgment interest at the legal rate;

B)    Such other and further relief as the Court deems just and equitable; and,

C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §218.5, §226, §1194 and/or §2802.

Dated: May 31, 2019      BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By: _____
Norman B. Blumenthal
Attorneys for Plaintiff

**DEMAND FOR A JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated: May 31, 2019          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By: _____

Norman B. Blumenthal
Attorneys for Plaintiff