UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA EPSTEIN, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>WALGREEN PHARMACY SERVICES MIDWEST, LLC, a Limited Liability Company; WALGREEN CO., a Corporation,<br><br>   Defendant. | CASE NO. **5:19-cv-01323-DOC-(ADSx)**<br><br>Assigned to: Hon. David O. Carter<br><br>**ORDER:**<br><br>**(1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND**<br><br>**(2) ENTERING FINAL JUDGMENT** [49] [51]<br><br>Hearing Date: April 15, 2021<br>Hearing Time: 8:30 a.m.<br><br>District Judge: Hon. David O. Carter<br>Courtroom: 9D |

On April 15, 2021, a hearing was held on the motion of Plaintiff Christina Epstein ("Plaintiff") for final approval of the class settlement (the "Settlement") with Defendants Walgreen Pharmacy Services Midwest, LLC and Walgreen Co. ("Defendants") and payments to the Class, the Plaintiff, Class Counsel, and the Settlement Administrator.

The Parties have submitted their Settlement, which this Court preliminarily approved by its December 28, 2020, order (Docket No. 47) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Order and Judgment, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Class Action Settlement Agreement ("Agreement").

2. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d). The Court finds that the CAFA Notice has been served as required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA").

3. In the Preliminary Approval Order, this Court certified the Class for settlement purposes only. For settlement purposes, the Court confirms the certification of the Class which is defined as all individuals who are or previously were employed by Defendants Walgreen Pharmacy Services Midwest, LLC and

- 1 -

1   Walgreen Co. ("Defendants") who worked in California and who are or previously
2   were employed by Defendants as non-exempt Pharmacy Technician employees
3   during the time period May 31, 2015 to April 14, 2020 (the "Class Period"). The
4   two valid requests for exclusion were made by Chutapha Oupahat and Claressa
5   Cherry.

6         4.     Pursuant to the Preliminary Approval Order, the Notice of Pendency of
7   Class Action Settlement and Hearing Date for Court Approval ("Class Notice") was
8   sent to each class member by first-class mail. The Class Notice informed Class
9   Members of the terms of the Settlement, their right to receive a Settlement Share,
10  their right to comment on or object to the Settlement and/or the attorneys' fees and
11  costs, their right to elect not to participate in the Settlement and pursue their own
12  remedies, and their right to appear in person or by counsel at the final approval
13  hearing and be heard regarding approval of the Settlement. Adequate periods of
14  time were provided by each of these procedures.

15        5.     The Court finds and determines that this notice procedure afforded
16  adequate protections to Class Members and provides the basis for the Court to
17  make an informed decision regarding approval of the settlement based on the
18  responses of Class Members. The Court finds and determines that the Class Notice
19  provided in this case was the best notice practicable, which satisfied the
20  requirements of law and due process.

21        6.     No Class Members filed written objections to the proposed settlement
22  as part of this notice process.

23        7.     For the reasons stated in the Preliminary Approval Order, the Court
24  finds and determines that the terms of the Settlement are fair, reasonable and
25  adequate to the Class and to each Class Member and that the Participating Class
26  Members will be bound by the Settlement, that the Settlement is ordered finally
27  approved, and that all terms and provisions of the Settlement should be and hereby
28  are ordered to be consummated.

8. The Court finds and determines that the all-inclusive Gross Settlement Amount in the maximum amount of Three Million Three Hundred Thousand Dollars ($3,300,000) and the Settlement Shares to be paid to the Participating Class Members as provided for by the Settlement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be distributed to the Participating Class Members out of the Net Settlement Amount in accordance with the Agreement. Pursuant to the terms of the Agreement, the Settlement Administrator is directed to make the payments to each Participating Class Member in accordance with the Agreement.

9. The Court finds and determines that the fees and expenses of Simpluris in administrating the settlement, in the amount of $35,000, are fair and reasonable. The Court hereby grants final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Agreement.

10. The Court approves the PAGA Payment of $50,000, which shall be allocated $37,500 to the LWDA (the "LWDA Payment") as the LWDA's share of the settlement of civil penalties paid under this Agreement pursuant to the PAGA, and $12,500 to the Net Settlement Amount for distribution to the Participating Class Members.

11. The Court finds and determines that the request by Plaintiff and Class Counsel to the Class Representative Service Payment and the attorneys' fees and costs pursuant to the Agreement are fair and reasonable. The Court hereby grants final approval to and orders that the payment of the amounts of $ 10,000 to the Plaintiff for her Class Representative Service Payment, $1,100,000 for attorneys' fees to Class Counsel, and $25,000 for reimbursement of costs be paid out of the Gross Settlement Amount in accordance with the Settlement.

12. Upon the Effective Date, the Defendants and Released Parties shall be released by the Participating Class Members of all Released Class Claims.

- 3 -

"Released Class Claims" are all class claims alleged in the Action, or which could have been alleged based on the facts alleged in the Action, which occurred during the Class Period, including: (1) failure to pay minimum wages in violation of California Labor Code §§ 1194, 1197, and 1197.1; (2) failure to pay overtime wages in violation of California Labor Code § 510, *et seq.*; (3) failure to provide required meal periods (or premiums in lieu thereof) in violation of California Labor Code §§ 226.7 & 512 and the applicable IWC Wage Order; (4) failure to provide required rest periods (or premiums in lieu thereof) in violation of California Labor Code § 226.7 and the applicable IWC Wage Order; (5) failure to reimburse employees for required business expenses in violation of California Labor Code § 2802; (6) failure to provide accurate itemized wage statements in violation of California Labor Code § 226; (7) failure to provide wages when due in violation of California Labor Code §§ 201, 202 and 203; (8) violations of California Business and Professions Code § 17200, *et seq.* based on subsections (1)-(7); and (9) violations of PAGA based on subsections (1)-(7). Excluded from Released Class Claims are claims for vested benefits, wrongful termination, unemployment insurance, disability, social security, workers' compensation, and class claims outside of the Class Period.

13. Pursuant to the terms of the Agreement, the Plaintiff also fully and finally releases Defendant and the other Released Parties from any and all claims, losses, debts, charges, damages, demands, obligations, causes of action, lawsuits, liabilities, breaches of duty, misfeasance, malfeasance, promises, controversies, contracts, judgments, awards, penalties, costs, and expenses of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any local, state, or federal statute, rule, regulation, ordinance or common law, including but not limited to those claims raised in the Action and/or that could have been raised in the Action, and those arising from or related to his or her work with Defendants that occurred

during the Class Period ("Plaintiff's Released Claims"). This release excludes only the release of claims not permitted by law.

14. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendants make payment in accordance with the Agreement.

15. If, for any reason, the Effective Date (as defined by the Settlement) does not occur, this Order will be vacated; the Parties will return to their respective positions in this action as those positions existed before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

16. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendants in no way admis any violation of law or any liability whatsoever to Plaintiff and/or the Class, individually or collectively, all such liability being expressly denied by Defendants.

17. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

18. Each side will bear its own costs and attorneys' fees except as provided by the Agreement and this Order.

19. By means of this Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

20. The Parties are hereby ordered to comply with the terms of the Agreement.

\\\

\\\

- 5 -

CASE NO. 5:19-CV-01323-DOC-ADS                                                                                                 ORDER

21. This action is dismissed with prejudice as to the claims released by the settlement.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

DATED: April 15, 2021

*David O. Carter*

HON. DAVID O. CARTER
U.S. DISTRICT COURT JUDGE